UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWIN GARCIA,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC,

    Defendant.

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Edwin Garcia, by and through his undersigned counsel, hereby files suit against the Defendant, Nationstar Mortgage, LLC, and alleges as follows:

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (hereinafter the "FCCPA").

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FCCPA was enacted to provide additional protections to Florida residents and consumers against abusive debt collection practices.

## PARTIES

4. Plaintiff is an individual residing in Hillsborough County, Florida.

5. Plaintiff is a "consumer" within the meaning of Section 803 of the FDCPA and Section 559.55(2) of the FCCPA, in that the alleged debt that the Defendant sought to collect from him was originally incurred, if at all, for personal, family or household purposes and is therefore consumer debt within the meaning of 15 U.S.C. § 1692a(5).

6. Defendant is, upon information and belief, a Delaware entity with its principal place of business located in Texas. Defendant is authorized to conduct business in the State of Florida, and maintains a registered agent in the State of Florida.

7. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As such, Defendant is a "debt collector" within the meaning of the FDCPA and a "person" subject to regulation under the FCCPA.

## JURISDICTION AND VENUE

8. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA. This Court should exercise Supplemental Jurisdiction over the Florida State law claims asserted herein pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District.

## STATEMENT OF FACTS

10. Plaintiff allegedly incurred a debt for his mortgage loan.

11. The subject debt was a "consumer debt" for purposes of the FDCPA and FCCPA in that the underlying monetary obligation was for personal, family, or household purposes.

12. On January 31, 2014, Plaintiff's wife, Nancy Ortiz-Garcia, called Defendant's customer service department and spoke with an individual named Jordan. At the time of the call, Plaintiff was in

arrears for his December, 2013 and January, 2014 mortgage payments. During the phone call, Mrs. Garcia explained the Plaintiff's financial hardship and Defendant agreed to a payment plan that would get Plaintiff caught up on the mortgage payments.

13. Defendant agreed that on February 1, 2014, Plaintiff would make payment in the amount of $671.46 for the month of December, 2013. On February 1, 2014, Plaintiff made the payment, and the check notates "Dec 2013" at the top of the check. A copy of the check is attached as Exhibit A.

14. Defendant then agreed that Plaintiff would pay the mortgage payment for January, 2014 and February, 2014 in one check on or before February 24, 2014. Pursuant to the agreement, on February 24, 2014, Plaintiff made payment to Defendant in the amount of $1,342.92. The check notates at the top "Jan Feb. 2014." A copy of the check is attached as Exhibit B.

15. Plaintiff was then caught up with the mortgage payments and made the regular monthly payment of $671.46 on March 26, 2014. A copy of the check is attached as Exhibit C.

16. On or about March 28, 2014, Defendant sent or caused to be sent to Plaintiff a letter attempting to collect the subject debt. A copy of the foregoing letter is attached hereto as Exhibit D and is hereinafter referred to as the "Debt Collection Letter."

17. The Debt Collection Letter provides, in pertinent part:

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE LLC ("NATIONSTAR")** *IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT.* **ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

(Emphasis added with italics).

18. Defendant's Debt Collection Letter then goes on to state that *"[y]ou have not made payments on your loan since 02/01/2014.* You are now due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage

loan. As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of $91,271.82. In order to cure this default, you must pay the total amount due of $91,271.82 in addition to other amounts that become due from the date of this letter through the date you pay." (Emphasis added with italics).

19. The Debt Collection Letter further provides that "[f]ailure to pay **$91,271.82 by 05/02/2014** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property."

20. The Debt Collection Letter is abusive on its face as it misrepresents that Plaintiff did not make payments on the loan since 02/01/2014. Contrary to Defendant's Debt Collection Letter, Plaintiff had a payment plan set up with the Defendant and Plaintiff made payments on February 1, 2014, February 24, 2014 and March 26, 2014. Because of Defendant's misrepresentation, Plaintiff's loan is in the process of being accelerated.

21. Defendant's foregoing conduct is misleading, unfair, abusive and misrepresents the character of the debt. Defendant's conduct has placed him in fear that he could lose his house if he doesn't pay the full mortgage balance, even though the Defendant knew that Plaintiff did not owe the full amount as he had been complying with the payment plan.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

22. Plaintiff incorporates paragraphs 1 through 21of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant violate 15 U.S.C. §§ 1692e(2)(A), 1692e, 1692e(10), and .

24. As a result of Defendant's violation, Plaintiff is entitled to statutory damages in an amount of $1,000, plus her reasonable attorney's fees and costs.

WHEREFORE Plaintiff demands a judgment against Defendant for statutory damages, actual damages, reasonable attorneys' fees and costs.

## COUNT II
## VIOLATION OF THE FCCPA

25. Plaintiff incorporates paragraphs 1 through 21 of this Complaint as though fully sated herein.

26. The foregoing acts and omissions of Defendant violate Fla. Stat. § 559.72(9) – claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist; and Fla. Stat. § 559.72(7).

27. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to statutory damages in an amount of $1,000, actual damages, plus his reasonable attorney's fees and costs.

WHEREFORE Plaintiff demands a judgment against Defendant for statutory damages, actual damage, reasonable attorneys' fees, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Paul R. Fowkes*
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)
*Attorneys for Plaintiff*